UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICAN, | No. 2:12-cv-02945 KJM JFM |
| Plaintiff, | |
| v. | <u>FINDINGS & RECOMMENDATIONS</u> |
| APPROXIMATELY $49,500.00 IN U.S. CURRENCY, and ANDREW EUGENE STARR HANNON, | |
| Defendants. | |

Before the court is plaintiff United States of America's July 15, 2013, motion for entry of default judgment, requesting: (1) entry of default judgment against the interests of Andrew Eugene Starr Hannon ("Hannon") in approximately $49,500.00 in U.S. currency ("the defendant currency"); and (2) entry of final judgment of forfeiture vesting plaintiff all right, title and interest in the defendant currency.

FACTUAL BACKGROUND

On May 15, 2012, an undercover officer and Hannon met in a McDonald's parking lot located at 1035 Emerald Bay Road in South Lake Tahoe, California. (Am. Compl. (ECF No. 3) at 1-2.) During the meeting, Hannon agreed to purchase twenty pounds of marijuana from the undercover officer for $50,000.00. (<u>Id.</u> at 2.) Hannon showed the undercover officer the money which was in a ziplock plastic bag, located in a green plastic container behind the driver's side of

his vehicle. (Id.) The undercover officer confirmed the amount of cash intended for the marijuana sale by conducting a rough count of the money. (Id.) Following the undercover officer's confirmation of the defendant currency, Hannon was placed under arrest and the defendant currency was seized. (Id.) An additional $500.00 in cash and a pay/owe sheet denoting a history of drug transactions were found during a search of Hannon's person. (Id.)

When questioned about the marijuana, Hannon first said he was at McDonald's to "get a drink" and did not know anything about a marijuana purchase. (Id.) Hannon "later admitted that he intended to use the defendant currency to buy twenty pounds of marijuana, which he would sell and use." (Id.) Hannon pled guilty to felony drug charges in the El Dorado County Superior Court and was sentenced to sixteen months incarceration. (Id. at 3.)

## PROCEDURAL BACKGROUND

On December 6, 2012, plaintiff filed a complaint for forfeiture in rem against the defendant currency. (ECF No. 1.) Thereafter, on December 11, 2012, plaintiff filed the first amended complaint for forfeiture in rem on which this action is now proceeding. (ECF No. 3.) On December 20, 2012, a warrant for arrest of articles in rem was issued. (ECF No. 5.) On December 28, 2012, the warrant was executed. (ECF No. 6.)

On January 25, 2013, plaintiff sent separate packets with copies of the complaint, first amended complaint, application and order for publication, order regarding clerk's issuance of warrant for arrest, warrant for arrest, order setting status (pretrial scheduling) conference, standing order, and court notices to Hannon by first class mail and by certified mail. (Beltrano Decl. (ECF No. 16-1) at ¶ 3, Ex. A.) The certified mail packet was received on January 28, 2013, and signed by "A. Hannon." (Id., Ex. A.) On February 26, 2013, the U.S. Marshals Service personally served Hannon with the above-listed documents. (Id. at ¶ 4, Ex. B.)

On May 8, 2013, the undersigned authorized publication of the forfeiture action via the internet forfeiture website (www.forfeiture.gov) for at least thirty days. (ECF No. 12.) According to plaintiff's Declaration of Publication (ECF No. 15), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on May 11, 2013. To date, no claim or answer has been filed on behalf of Hannon.

On April 5, 2013, plaintiff moved for the Clerk's entry of default against Hannon. (ECF No. 9.) On June 10, 2013, the Clerk of the Court entered default as to Hannon. (ECF No. 14.) As indicated above, on July 15, 2013, plaintiff filed the motion for entry of default judgment now pending before the court. (ECF No. 16.)

## LEGAL STANDARD

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where: (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel, 782 F.2d at 1471-72; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id.

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supp. R.") apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supp. R. G(1) provides that the rule governs a forfeiture action in rem arising from a federal statute; to the extent that Rule G does not address an issue, Supp. Rules C and E also apply. Supplemental Rule G, which took effect on December 1, 2006, incorporates

3

a common-sense approach to notice grounded in defined and recognized principles of due process of law.  Supp. Rule G, Adv. Comm. Note on 2006 Adoption.  The Advisory Committee Note indicates that the rule was added to bring together the central procedures governing civil forfeiture actions; it also states that the rule generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) as well as those excluded from it; thus, the intended scope of application is very broad.  The rule permits flexibility as to the time of service of any warrant and supplemental process.  Id.  The provisions for notice incorporate the traditional means of publication and adopt the general principle that notice should be effectuated by means reasonably calculated to reach potential claimants at a cost reasonable in the circumstances, and actual notice precludes a challenge to the government's failure to comply with the specific requirements of the rule set forth in Rule G(4)(b).  Id.

## ANALYSIS

1. Judgment Sought

The court concludes that the notice given of the judgment sought satisfies Federal Rules of Civil Procedure 55(d) and 54(c), which require that a judgment by default shall not be different in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment. In this regard, plaintiff expressly sought in the amended complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the defendant currency to the plaintiff United States.

2. Default and Entry of Default

The declarations and the court's own docket demonstrate that no person or entity made a claim or answered the complaint within the requisite thirty-day period for filing a claim of 18 U.S.C. § 983(a)(4)(A) and Supp. R. G(5), and/or within the twenty-one-day period set forth in Supp. R. G(5) for filing an answer thereafter.  Therefore, the Clerk appropriately entered the default of potential claimant Hannon on June 10, 2013.

3. Notice

The Declaration of Publication by plaintiff filed on June 11, 2013, establishes that a notice with the contents required by Supp. R. G(4)(a) was published on the official government internet

4

1 site for thirty consecutive days as required by Supp. R. G(4)(a)(iv)(c).

2 As to the potential claimant, the declaration of Michelle D. Beltrano and the Marshal's return of service both establish that Hannon was served with the pertinent documents as set forth above.  Therefore, the notice complied with the requirements of Supp. R. G(4)(b).

The undersigned concludes that plaintiff has demonstrated that it has given notice by publication as well as the notice required to be given to potential claimants by Rule G(4).

4. Legal Sufficiency of the Complaint

    a. Legal Standard

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc., 862 F.2d at 1392.  Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default.  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Under the CAFRA, which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1). Further, if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government must establish that there was a substantial connection between the property and the offense.  18 U.S.C. § 983(c)(3).

Supplemental Rules for Certain Admiralty and Maritime Claims Rule G(2) requires that the complaint in a forfeiture action in rem arising from a federal statute be:  verified; state the grounds for subject-matter jurisdiction and in rem jurisdiction over the defendant property as well as venue; describe the property with reasonable particularity; identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

/////

      b.      The Complaint

The first amended complaint filed in this action was verified. (Am. Compl. (ECF No. 3) at 5.

The bases for jurisdiction are identified as 28 U.S.C. §§ 1345 and 1355(a) (jurisdiction of civil proceedings commenced by the United States or an agency or officer thereof, and of actions to recover or enforce penalties or forfeitures under acts of Congress, respectively) and 21 U.S.C. § 881(a)(6) (subjecting to forfeiture, among other things, all things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, and all proceeds traceable to such an exchange). (Id. at 2-3.)

The bases of venue are identified as 28 U.S.C. §§ 1355 (placing venue for a civil forfeiture action where the acts giving rise to the forfeiture occurred) and 1395 (placing venue for a civil forfeiture proceeding where the property is found). (Id. at 2.)

The property is described in the first amended complaint with reasonable particularity.

It is stated that plaintiff proceeds pursuant to 21 U.S.C. § 881(a)(6), and that the defendant property, seized on May 15, 2012, in South Lake Tahoe, California, constitutes money or things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, proceeds traceable to such an exchange, and/or all moneys used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 et seq. (Id. at 1-3.)

In the first amended complaint there are alleged sufficiently detailed facts to support a reasonable belief that the government would be able to meet its burden of proof at trial. The complaint detailed a meeting between Hannon and an undercover officer for the purchase of marijuana. During the meeting, Hannon agreed to purchase twenty pounds of marijuana from the undercover officer for $50,000.00. After showing the undercover officer the money, Hannon was arrested and the defendant currency was seized. Thereafter, Hannon entered in state court a plea of guilty to a felony offense for marijuana trafficking in connection with these events.

These facts support a reasonable inference that the defendant currency was subject to forfeiture as proceeds/property traceable to proceeds or as property intended to be used to facilitate other violations. The totality of the circumstances reflects that a substantial connection

between the property and the related drug offenses was demonstrated.

5.      Status of Potential Claimants and Discretionary Factors

Here, no one has claimed an interest in the defendant currency or otherwise responded to the complaint despite being provided adequate notice of these proceedings. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Based thereon, the court finds that plaintiff has shown its entitlement to a default judgment of forfeiture.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that

1. Plaintiff's July 15, 2013, motion for default judgment (ECF No. 16) be granted; and

2. Plaintiff is entitled to, and the Clerk be directed to enter, a judgment that:

A. The interest of Hannon in the defendant property is condemned and forfeited to the United States of America; and

B. The right, title, and interest of all potential claimants in the defendant property, including but not limited to Hannon, are forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6), and are vested in the United States; and,

C. All persons claiming any right, title, or interest in or to the defendant property have defaulted and no longer have any right, title, or interest in the defendant property whatsoever; and,

3. The Clerk of Court enter final judgment of forfeiture for plaintiff.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) court days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 26, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

appr2945.def